# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KURT LEWIS,

    Petitioner,

v.                                        CASE NO. 4:06cv292-RH/EMT

WALTER A. McNEIL,

    Respondent.

_____/

## ORDER DENYING PETITION

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Kurt Lewis challenges his violation-of-supervision sentences in two related Florida cases: Leon County Cases No. 01-865 and 01-1711. The petition is before the court on the magistrate judge's report and recommendation (document 32) and the objections (document 36), as well as on a motion for leave to amend the petition (document 34). I consider *de novo* the motion for leave to amend and the issues raised by the objections.

I

In 2001 Mr. Lewis pled no contest to the underlying charges in the two

cases.  His sentences included concurrent terms of community control.  In 2002 he committed a new crime.  He was charged in a new case, and he also was charged in the two prior cases with violating his conditions of supervision.  He contested the violations at an evidentiary hearing, was found guilty, and was sentenced to the maximum permissible sentence in each case—five years in prison—to run consecutively.  He was separately convicted in the 2002 case: Leon County Case No. 02-2718.

II

In his original federal petition, Mr. Lewis asserts his attorney rendered ineffective assistance in the violation cases by telling him he faced a maximum of five years in the aggregate—in effect, that he faced a maximum of five years concurrent, rather than consecutive.  Mr. Lewis says that based on his attorney's incorrect advice, he turned down the prosecutor's offer of a guilty plea in exchange for five-year concurrent sentences.  He makes no claim that the plea offer would have encompassed the new crime in Case No. 02-2718; it was handled separately.

If Mr. Lewis's attorney had indeed told him he was facing a maximum of five years concurrent on the violations, and if Mr. Lewis had indeed turned down the plea offer based on the incorrect advice, then Mr. Lewis apparently would be entitled to relief.  But when Mr. Lewis filed a collateral proceeding in state court raising the same claim, the court held an evidentiary hearing and found as a fact

that the allegations were not true: the attorney did not tell Mr. Lewis he faced a maximum sentence of five years concurrent.  To the contrary, the attorney knew Mr. Lewis faced consecutive sentences and encouraged Mr. Lewis to take the plea offer.  Mr. Lewis turned down the offer for other reasons.  The state court's findings were reasonable based on the evidence.  The report and recommendation explains this at greater length and correctly concludes that the petition should be denied.

## II

After the report and recommendation was entered, Mr. Lewis moved for leave to amend his petition.  Mr. Lewis seeks to add two new claims.

### A

First, Mr. Lewis raises a confrontation-clause claim, or a claim of ineffective assistance of counsel in failing to make a confrontation-clause claim.  The claim addresses Mr. Lewis's conviction and sentence not in the revocation proceedings that were the subject of the original petition (Cases No. 01-865 and 01-1711), but in the separate case initiated in 2002 based on the new crime (Case No. 02-2718).  Mr. Lewis seeks to justify this by noting that the respondent's answer to the original petition referred to the 2002 case as "tangentially related" to the violation proceedings.  The answer was filed two years before Mr. Lewis sought leave to amend.

Leave to add this claim will not be granted. Mr. Lewis delayed the request for leave until after entry of the report and recommendation. He has not indicated that he exhausted the claim in state court. The claim is not sufficiently related to those in the original petition to "relate back" for statute-of-limitations purposes; the claim thus is almost surely time barred. And the claim is doubtful on the merits. Mr. Lewis seems to assert the victim's prior testimony was admitted into evidence when she refused to testify, but use of an unavailable witness's prior testimony—if the defendant had an opportunity and similar motive to cross-examine the witness at the time—ordinarily does not violate the confrontation clause as it was then understood, *see, e.g., Ohio v. Roberts*, 448 U.S. 56, 63-64, 100 S. Ct. 2531, 2538, 65 L. Ed. 2d 597 (1980), or as it has been construed more recently. *See Crawford v. Washington*, 541 U.S. 36, 57, 124 S. Ct. 1354, 1367-68, 158 L. Ed. 2d 177 (2004). *Crawford* is, in any event, not retroactively applicable to cases on collateral review. *See Whorton v. Bockting*, 549 U.S. 406, 421, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007).

To be sure, Mr. Lewis says the state procured the witness's unavailability by telling her that if she testified falsely she would be prosecuted for perjury. He says this rendered the prior testimony inadmissible under state law. But this is no answer. It is doubtful that a party procures a witness's unavailability merely by telling the witness that false testimony is a crime. And an evidentiary error under

state law is not a basis for federal habeas relief.  Mr. Lewis says his attorney was ineffective in failing to object based on the state's procurement of the witness's unavailability, but the possibility that an objection would have been sustained seems remote.  In any event all of this moves further from the issues in the original petition, making leave to amend and relation back even less appropriate.

### B

The second claim that Mr. Lewis seeks to add by his amended petition is that the state collateral court denied him due process by failing to allow him to amend his state petition.  But a state's procedural errors in processing a collateral attack on a conviction are not an independent ground for federal habeas relief.  Leave to add this unfounded claim will not be granted.

### III

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED and adopted as the court's opinion.

2.  The petitioner's motion for leave to amend (document 34) is DENIED.

3.  The clerk must enter judgment stating, "The petition challenging the convictions and sentences in Cases No. 01-1711 and 01-865 in the Circuit Court, Second Judicial Circuit, Leon County, Florida, is DENIED with prejudice."   The

clerk must close the file.

  SO ORDERED on July 8, 2009.

              s/Robert L. Hinkle
              United States District Judge